To the Middle District of Florida

Stone W. Treadwell

**Petitioner/Plaintiff**

MAR 10 2025 PM 1:16
FILED - USDC - FLMD - TPA

Case No.: 825-CV-00448-KKM-NHA

Amended

**Cause Of Action:
Misrepresentation, Gross
Negligence FCCPA 559.72, FDCPA
1692, d, e, f, j, FDTUPA 501.203 &
501.204**

Ally Bank, and First Choice Towing, Recovery and Transport, LLC.

**Defendants**

<u>**Complaint and Demand for Jury Trial**</u>

### I. Introduction

This is an action for actual, equitable and statutory damages brought by Plaintiff Stone Treadwell, an individual consumer, against Defendants, Ally Bank, and First Choice Towing and Recovery for violations of the Fair Debt Collection Practices Act, 15 U.S.C § 1692 *et seq.* (hereinafter "FDCPA"), and Florida's Deceptive and Unfair Trade Practices Act, 501.203 (hereinafter "FDUTPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair debt collection practices. **All 15 claims are against both Defendants.**

Past Litigation: Stone filed a timely counterclaim to Ally Bank's claims for FCCPA and FDCPA claims in Pasco County State court on February 28th of 2024, but Ally Bank's original claims/complaint were voluntarily dismissed without judgment in November of

1

2024. The Counterclaim by Stone was also subsequently dismissed by the court. Equitable tolling applies. Stone pursues this claim in Federal Court.

## II. Jurisdiction and Venue

2. Jurisdiction of this court arises under 15 U.S.C § 1692k(d) and 28 U.S.C § 1331.
3. Supplemental jurisdiction arises over the related state law claims under 28 USC § 1367.
4. Venue in this District is proper in that the Defendant transacts business in Tampa, Pasco and Hillsborough County, Florida, and the conduct complained of occurred in Tampa, Pasco and Hillsborough County, Florida.

## III. Parties

1. Plaintiff is a natural person residing in Tampa, Florida.

2. Plaintiff is a consumer as defined by the Fair Debt Collection Practices Act, the Florida Consumer Collection Practices and the FDUTPA, 15 U.S.C. §1692a(3) and F.S. 501.203(7) and F.S. 559.55.

3. Upon information and belief, Defendant First Choice Towing, Recovery and Transport, LLC. is a Florida corporation with its registered agent for service of process as follows: KAY-SKRIVAN, MARK R, 5304 1st ave N. ST. PETERSBURG, FL 33710

4. Upon information and belief, Defendant Ally Bank is a Florida Corporation with its registered agent for service of process as follows: C T CORPORATION SYSTEM 1200 SOUTH PINE ISLAND ROAD, PLANTATION, FL 33324

5. Defendants regularly attempt to collect consumers' debts alleged to be due to another or uses another name in its attempt to collect.

6. Defendants are engaged in the collection of debt from consumers using the mail and telephone.

7. Defendants are a "debt collector" as defined by the FDCPA and FCCPA, 15 U.S.C § 1692a(6) and FL STAT. 559.55(7).

### IV. Facts supporting FDCPA, FDUTPA, AND FCCPA Claims:

8. Whereas Ally Bank's third party assigns, First Choice Towing, Recovery and Transport LLC appeared at Respondents place of work in Wesley Chapel on Wednesday February the 21st at 11:00 am (the busiest time at open) and **attempted to seize** the vehicle for over an hour while Kai **(5 months pregnant)** was in the car after Plaintiff explained the property was subject to a dispute and pending lawsuit and that this was a breach of the peace.

9. First Choice Towing disregarded those facts, and repeatedly **represented that they had a court order signed by the judge** that allowed them to seize the vehicle. When asked to present the said court order, the Manager on the phone used profane language and said they did not need to present it because it was a "private court order" and that "we are getting the car no matter what you say". The manager then went on to threaten **that I was going to be charged with "Grand Theft Auto" and arrested by the police if I did not let them seize the vehicle.**

10. There was no court order or judgment at the time of February 21st 2024 in case number 512023CC004347 in the Pasco County Courts.

11. The third party assignee named **"First Choice Towing and Recovery"** located at 5304 1st Ave N St. Petersburg, 33710, phone number 727-383-6659, repeatedly said they have "direct permission from the courts and financial institution "Ally Bank" and their "higher ups" to act in the way they did. I have videos and photo evidence of the incident.

12. Whereas Plaintiff **was and still are** subjected to loss of income for that days worth of work, and for up until the case is resolved, forced to go home, damages, emotional, and irreparable physical harm due to Plaintiffs harassment of a pregnant woman who had low blood sugar and couldn't go inside to eat, and for the attempted seizure of the vehicle at the place of employment, in violation of my privacy, and property rights which damages my right to make a living.

13. Ally Bank is reporting on the consumer's credit report.

### V. First Claim for Relief 1692d(1)

14. Plaintiff re-alleges and reincorporates all previous paragraphs as if fully set out herein.
15. Defendant's debt collection efforts violated the FDCPA, particularly 1692d (1) by blocking in the vehicle from behind and threatening to harm the property, reputation and person of Stone while his girlfriend Kadijah is 6 months pregnant in the car.
16. Defendant's acts were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay an alleged debt.
17. 18. As a result of the above violations of the FDCPA, the Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

### Second Claim for Relief 1692d(2)

18. Defendant's debt collection efforts violated the FDCPA, particularly 1692d (2) by the use of profane and obscene language in connection with attempting to steal the vehicle subject to litigation.
19. Defendant's acts were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay an alleged debt.
20. 18. As a result of the above violations of the FDCPA, the Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

### Third Claim for Relief 1692e(4), (5) and (7)

21. Defendant's debt collection efforts violated the FDCPA, particularly 1692e **(4), (5) and (7)** by threatening to have Stone and Pregnant Kai arrested for Grand Theft Auto for the non-payment of debt and then fleeing the scene.
22. Defendant's acts were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay an alleged debt.
23. 18. As a result of the above violations of the FDCPA, the Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

### Fourth Claim for Relief 1692e (10) and (13)

24. Defendant's debt collection efforts violated the FDCPA, particularly 1692e (10) and (13) for misrepresenting as if they had a judicial court order during the course of litigation that they had the right to take the vehicle.

4

25. Defendant's acts were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay an alleged debt.

26. 18. As a result of the above violations of the FDCPA, the Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

### Fifth Claim for Relief 1692e (14)

27. Defendant's debt collection efforts violated the FDCPA, particularly **1692e (14)** misrepresenting as if Ally Bank is bringing the claim against Plaintiffs when in fact First Choice Towing LLC and assignees were collecting the debt and potentially has been sold as stated by tow driver.

28. Defendant's acts were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay an alleged debt.

29. 18. As a result of the above violations of the FDCPA, the Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

### Sixth Claim for Relief 1692f (6)

30. Defendant's debt collection efforts violated the FDCPA, 1692f (6) for threatening to take non judicial actions without an intent to actually take to affect dispossession claimed as collateral when there is no present right thru an enforceable security interest.

31. Defendant's acts were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay an alleged debt.

32. 18. As a result of the above violations of the FDCPA, the Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

### Seventh Claim for Relief 1692j (a)

33. Defendant's debt collection efforts violated the FDCPA, 1692j (a) for compiling and furnishing forms to create the false belief that a person other than the creditor is participating in the collection or in an attempt to collect a debt when such person is not so participating.

34. Defendant's acts were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay an alleged debt.

35. 18. As a result of the above violations of the FDCPA, the Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

### Eighth Claim for Relief FL Stat. 501.204

36. Defendant's debt collection efforts violated the FDUTPA, 501.203 and 501.204 for using unfair and deceptive practices in the conduct of trade or commerce.
37. Defendant's acts were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay an alleged debt.
38. As a result of the above violations of the FDUTPA, the Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

### Ninth Claim for Relief FL Stat. 559.72 (2), (3),(4)

39. Plaintiffs allege that Ally Bank and First Choice Towing acting as consumer/debt collectors violated 559.72 (2), (3) and (4) by threatening to harm the property, reputation and person of Stone and Kadijah while Kadijah is 6 months pregnant in the car by showing up to employment and blocking in the vehicle in front of the whole store to try and seize it.
40. Defendant's acts were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay an alleged debt.
41. As a result of the above violations of the FCCPA, the Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

### Tenth Claim for Relief FL Stat. 559.72 (8)

42. Plaintiffs allege that Ally Bank and First Choice Towing acting as consumer/debt collectors violated 559.72 (8) by the use of profane and obscene language in connection with attempting to steal the vehicle subject to litigation.
43. Defendant's acts were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay an alleged debt.
44. As a result of the above violations of the FCCPA, the Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

### Eleventh Claim for Relief FL Stat. 559.72 (9), (10)

45. Plaintiffs allege that Ally Bank and First Choice Towing acting as consumer/debt collectors violated 559.72 (9) and (10) and (8) by threatening to have Stone and Pregnant Kai arrested for Grand Theft Auto for the non-payment of debt and then fleeing the scene.

46. Defendant's acts were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay an alleged debt.
47. As a result of the above violations of the FCCPA, the Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

### Twelfth Claim for Relief FL Stat. 559.72 (10)

48. Plaintiffs allege that Ally Bank and First Choice Towing acting as consumer/debt collectors violated 559.72 (10) for misrepresenting as if they had a judicial court order during the course of litigation that they had the right to take the vehicle.
49. Defendant's acts were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay an alleged debt.
50. As a result of the above violations of the FCCPA, the Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

### Thirteenth Claim for Relief FL Stat. 559.72 (10)

51. Plaintiffs allege that Ally Bank and First Choice Towing acting as consumer/debt collectors violated 559.72 (10) for threatening to take non judicial actions without an intent to actually take to affect dispossession claimed as collateral when there is no present right thru an enforceable security interest.
52. Defendant's acts were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay an alleged debt.
53. As a result of the above violations of the FCCPA, the Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

### Fourteenth Claim for Relief Fl. Stat. 501.204

54. Plaintiffs allege that Ally Bank and First Choice Towing acting as consumer/debt collectors negligently misrepresented as if Ally Bank is bringing the claim against Plaintiffs when in fact First Choice Towing LLC is collecting the debt and potentially has been sold as stated by tow driver. [Fl. Stat. 501.204]
55. Defendant's acts were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay an alleged debt.

56. As a result of the above violations of the FDUTPA, the Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

### Fifteenth Claim for Relief FL Stat. 559.72(4)

57. Plaintiffs allege that Ally Bank and First Choice Towing, acting as consumer/debt collectors, threatened to communicate to my employer before obtaining final judgment without permission in writing to contact my employer.
58. Defendant's acts were done with intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay an alleged debt.
59. As a result of the above violations of the FCCPA, the Defendant is liable to Plaintiff for actual damages, statutory damages and costs.

**VII. Jury Demand and Request for Relief:**

I hereby request that damages be awarded under 1692k for violations of the FDCPA applicable to Florida's mini FTC act which is the counterpart to Florida's FCCPA pursuant to FL Stat. 559.77 and FDUTPA FL Stat. 501.211 for gross negligence, recoupment, mental anguish, reduced enjoyment of life, equitable **and** actual damages including loss of compensation since February 21st 2024, including $1,000 under the FCCPA.

Fl. Stat. 559.77 states "the court shall consider the nature of the defendant's noncompliance with s. 559.72, the frequency and persistence of the noncompliance, and the extent to which the noncompliance was intentional"

**Certification of Good Faith:** I hereby affirm these facts are made in good faith.

Affiant declares and alleges under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

by: _____
For Stone Treadwell,
401 N. Ashley Dr. PO box 172264
eleventwelvealiyah@gmail.com

8

## CERTIFICATE OF SERVICE

I, Treadwell, Stone hereby certify that on the 11 day of March 2025, the foregoing special, private and proprietary documents of the above referenced ACCOUNT was specially deposited by USPS mail certified delivery or email service to Ally Bank and First Choice Registered Agents at the addresses of:

C T CORPORATION SYSTEM

1200 SOUTH PINE ISLAND ROAD,

PLANTATION, FL 33324

**First Choice Towing, Recovery and Transport LLC**

Principal Address

5304 1st Ave. N.

St. Petersburg FL. 33710

**Registered Agent**

Kay-Skrivan, Mark R

6171 6th Ave. S

St. Petersburg, FL 33707

The documents included are as follows:
1. **Demand for Jury Trial and Amended Complaint**
2. **Affidavit**

Signed, sealed, acknowledged and specially deposited,

[March      2025]

Affidavit

I, Ryan Concannon, hereby declare and affirm to have personal knowledge of these facts stated below

- I was Stone Treadwell's manager/supervisor at Fresh Kitchen at the time of the said incident on February 21st 2024 at 11am.
- I have been Stone's manager/supervisor since  5/15/2023   .

- Stone has been doing catering deliveries for Fresh Kitchen since January 30th 2022.

- The rate was on avg $15-30$ dollars an hour for one drive. The average day was 1-3 hours of work.

- He was one of our most reliable contractors, sometimes taking multiple drives a day while others took only one drive.

- At one point he was our longest veteran delivery contractor that was working, while many others came and went.

- On February 21st 2024 roughly around 11am, I happened to come outside and witness The Tow company First Choice Towing, Recovery, and Transport LLC, block Stone's car from behind in our parking lot.

- I heard the driver for the Tow company yell obscene language and threaten to call the police and have him arrested if Stone did not let him take the vehicle. They continued to talk.

- The driver blocked him in so he could not leave for a period of about over one hour.

- His pregnant girlfriend at the time was in the passenger seat during the whole incident.

- Stone was not able to complete his scheduled drive for that day. I assigned it to another driver.

- After that incident Stone went from offering to do multiple drives a day Mon-Sat to doing, if we were lucky, maybe 1-2 drives a week.

- I ended up having to let Stone go from the job due to his inability to comfortably do delivery drives in March of 2024.

- He has not worked here since March 2024.



Affiant declares and alleges under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

by: _____

State of FLORIDA County of Hillsborough

Sworn to (or affirmed) and subscribed before me by means of physical presence or online notarization, this 21st day of February, 2025 by Ryan Concannon ; who is personally known to me or produced a driver license as identification, regarding the attached instrument described as: Affidavit _____ and to whose signature this notarization applies.

(Seal)

MELANEE BOURGEOIS DONNELLY
MY COMMISSION # HH576779
EXPIRES: July 29, 2028

_____
notary public signature

Melanee Bourgeois Donnelly

notary public printed name

pursuant to Florida Statutes §117.05(13)(a)